Matthew G. Monforton  (Montana Bar # 5245)
Monforton Law Offices, PLLC
32 Kelly Court
Bozeman, Montana 59718
Telephone:  (406) 570-2949
matthewmonforton@yahoo.com

Quentin M. Rhoades
Rhoades, Siefert & Erickson, PLLC
430 Ryman Street
Missoula, MT 59802
(406) 721-9700
qmr@montanalawyer.com

Attorneys for Plaintiff Montana Citizens For Right to Work

# UNITED STATES DISTRICT COURT
## DISTRICT OF MONTANA
### HELENA DIVISION

| | |
|---|---|
| MONTANA CITIZENS FOR RIGHT TO WORK, a Montana incidental political committee, <br><br> Plaintiff, <br> v. <br><br> JEFFREY MANGAN, in his official capacity as Montana Commissioner of Political Practices, <br><br> Defendant. | Case No. _____ <br><br> **VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

## PRELIMINARY STATEMENT

1.     The "Fair Notice" provision of Montana's "Clean Campaign Act" (Mont. Code Ann. § 13-35-402) requires political committees to provide a candidate with

a copy of any mailer published within ten (10) days of an election day if that mailer refers to the candidate.

2. The copy must be transmitted to the candidate by facsimile, email, or hand delivery on the date that the mailer is postmarked.

3. Because the Post Office does not deliver mail until after a postmark date, the Clean Campaign Act forces political committees to provide advance copies of voter mailers to candidates before voters themselves receive them.

4. The Act applies to mailers that *criticize* candidates but does not apply to mailers that *endorse* candidates.

5. The Act also exempts preferred speakers, such as the press, unions that send campaign mailers to union members, and corporations that send mailers to stockholders or employees.

6. Thus, the Act requires some speakers (but not others) to give some candidates (but not others) advance copies of campaign mailers – depending upon the viewpoint expressed in the mailer.

7. This bizarre law violates both the First Amendment and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

8. Plaintiff Montana Citizens For Right to Work (hereinafter, "Montana Citizens") sent mailers to voters on October 28, 2020 – six days before Election Day on November 3, 2020.

9. Montana Citizens did not provide advance notice of the mailers to the candidates referenced in them.

10. Defendant Jeff Mangan, Montana's Commissioner of Political Practices, is preparing to civilly prosecute Montana Citizens for violating the Act.

11. The Act, however, is patently unconstitutional.

12. Therefore the Court should enjoin the Commissioner from enforcing it against Montana Citizens.

## JURISDICTION AND VENUE

13. This Court has subject-matter jurisdiction under 28 U.S.C. §§1331, 1343, 42 U.S.C. §1983, and the First and Fourteenth Amendments to the United States Constitution.

14. Montana Citizens is informed, believes, and upon such information and belief alleges that Defendant Jeff Mangan resides in the Helena Division of this Court.

15. Venue for this action thus properly lies in the Helena Division of this Court.

## PARTIES

16. Plaintiff Montana Citizens is an incidental political committee with its principal place of business in Gallatin County, Montana, and has been so registered at all times pertinent to this action.

17.    Montana Citizens is informed, believes, and upon such information and belief alleges that Defendant Mangan resides in the Helena Division of this Court.

18.    As Commissioner of Political Practices, Mangan has authority to prosecute violations of Montana campaign-finance law.

19.    Commissioner Mangan is sued in his official capacity only.

## STATEMENT OF FACTS

20.    Montana Citizens registered as an incidental political committee with the Commissioner on or about May 22, 2020.

21.    Randal Pope has at all times pertinent to this action served as Treasurer and Executive Director for Montana Citizens.

22.    On October 28, 2020, Montana Citizens brought to the U.S. Post Office approximately 16,000 campaign mailers addressed to voters residing in 20 different Montana legislative districts.

23.    Each mailer contained three documents: (1) a "2020 Candidate Survey" that included responses from candidates concerning their opinions on the right to work, (2) a "Dear Friend" letter, and (3) a "Right To Work Survey Reply Memo."

24.    Montana Citizens tailored the documents based upon right-to-work opinions expressed by candidates running in the legislative districts to which the mailers were addressed.

25. Thus, for example, the documents contained in mailers addressed to voters in Montana Senate District 26 in Billings referenced right-to-work opinions expressed by Democrat Margie MacDonald and Republican Chris Friedel, the candidates who ran in SD 26 in 2020.

26. The documents were identical in all respects aside from the names of the candidates referenced and the candidates' opinions concerning right to work.

27. Copies of the documents are included in **Exhibit 1**, which is a true and correct copy of the Commissioner's "Finding of Sufficient Facts To Support A Campaign Practice Act Violation." See ECF No. 1-1 at 17-79.[1]

28. Montana Citizens timely filed a campaign-finance report with the Commissioner's office identifying the mailers, ECF No. 1-1 at 80, but did not provide copies of the mailers to the candidates referenced in those mailers.

29. On October 30, 2020, Trent Bolger filed a complaint with the Commissioner's office alleging that Montana Citizens failed to give candidates "fair notice" of the mailers as required by the Act.

30. A copy of the complaint is attached as **Exhibit 2.** ECF No. 1-2.

31. Bolger signed the complaint in his capacity as a senior advisor for the Montana Democratic Party. ECF No. 1-2 at 3.

---

[1] Citations to page numbers refer to those assigned by the Court's electronic court filing system.

32. The Commissioner requested additional documentation from Montana Citizens in response to the complaint.

33. Montana Citizens complied with the Commissioner's request by providing him with copies of the documents contained in the mailers. ECF 1-1 at 16.

34. On March 10, 2021, the Commissioner issued a "Finding of Sufficient Facts To Support A Campaign Practice Act Violation." ECF No. 1-1 at 1.

35. The Finding included the following assertion:

> <u>Sufficiency Finding No. 1</u>: There are sufficient facts to show [Montana Citizens] failed to provide candidates notice under Montana's Clean Campaign Act [Mont. Code Ann. § 13-35-402] on October 28, 2020 of an electioneering communications delivered within 10 days of the 2020 November 2 general election.

ECF No. 1-1 at 11.

36. The Commissioner concluded that "a civil fine is justified" and he "hereby issues a 'sufficient evidence' Finding and Decision justifying a civil fine or civil prosecution of [Montana Citizens]." ECF No. 1-1 at 13.

37. The Commissioner referred the matter to the County Attorney, and "should the County Attorney waive the right to prosecute...this Matter returns to this Commissioner for possible prosecution." ECF No. 1-1 at 14.

38. The Commissioner further stated that "in the event that a fine is not negotiated and the Matter is resolved, the Commissioner retains statutory authority to bring a complaint in district court against any person who intentionally or

negligently violates any requirement of campaign practice law, including those of Mont. Code Ann. § 13-35-402." ECF No. 1-1 at 14.

39. In a letter dated August 18, 2021 (attached as **Exhibit 3**), the Commissioner informed Montana Citizens that the County Attorney had referred the matter back to the Commissioner. ECF No. 1-3.

40. In that same letter, the Commissioner demanded $8,000 from Montana Citizens or else "[t]he Commissioner could pursue action in district court for a minimum of $20,000.00 for violations of Montana's Campaign Finance and Practices laws." ECF No. 1-3 (emphasis in original).

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### Violation of the Free Speech Clause of the First Amendment to the United States Constitution (42 U.S.C. § 1983)

41. Plaintiff Montana Citizens realleges and incorporates by reference each allegation set forth above.

42. Content-based laws are presumptively unconstitutional and may be justified only if the government proves that they are narrowly tailored to serve compelling state interests. *Reed v. Town of Gilbert*, 576 U.S. 155, 163 (2015).

43. Even more problematic are laws regulating speech based upon the viewpoint expressed by the speaker – such laws are "an egregious form of content

discrimination." *Id.* at 168-69, quoting *Rosenberger v. Rector & Visitors of Univ. Virginia*, 515 U.S. 819, 829 (1995).

44. When "the government targets not subject matter, but particular views taken by speakers on a subject, the violation of the First Amendment is all the more blatant." *Rosenberger,* 515 U.S. at 829.

45. Montana's Clean Campaign Act (Mont. Code Ann. § 13-35-402) requires political committees to provide to a candidate a copy of a campaign mailer if the mailer references the candidate and is mailed within ten days of an election day.

46. The disclosure must be made by hand delivery, facsimile, or email to the candidate on the date that the mailer is postmarked.

47. Because the Post Office does not deliver mailers to voters until after a postmark date, the Act effectively requires political committees to provide copies of voter mailers to candidates before the voters themselves receive them.

48. The Act does not apply, however, to mailers in which candidates are "mentioned in the context of endorsements." Mont. Code Ann. § 13-35-402(2).

49. Because the Act burdens only campaign speech that does not endorse a candidate, the Act is a content-based statute and, furthermore, discriminates against protected speech based upon viewpoint.

50. The State of Montana has no compelling interest, or even an important interest, in discriminating against speech about candidates based upon viewpoint.

51. Montana's Clean Campaign Act is not narrowly tailored to serve any compelling or even important state interest.

52. Montana's Clean Campaign Act therefore violates the First Amendment on its face and as applied to Montana Citizens.

## SECOND CAUSE OF ACTION
**Violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution (42 U.S.C. § 1983)**

53. Plaintiff Montana Citizens realleges and incorporates by reference each allegation set forth above.

54. The Fourteenth Amendment to the United States Constitution guarantees to all persons equal protection of the laws.

55. Government classifications based on race or national origin, and classifications affecting fundamental rights, are given the most exacting scrutiny. *Clark v. Jeter*, 486 U.S. 456, 461 (1988); *A.C.L.U. of Nevada v. City of Las Vegas*, 466 F.3d 784, 801 (9th Cir. 2006).

56. Montana Citizens has a fundamental right under the First Amendment to engage in speech about candidates for public office. *Eu v. San Francisco County Democratic Cent. Comm.*, 489 U.S. 214, 223 (1989) ("the First Amendment has its fullest and most urgent application to speech uttered during a campaign for political office" and "[f]ree discussion about candidates for public office is no less critical before a primary than before a general election.").

57. The Clean Campaign Act (Mont. Code Ann. § 13-35-402) burdens political committees such as Montana Citizens by requiring them to provide a candidate with a campaign mailer if it references the candidate without endorsing him or her.

58. Speakers who are not candidates or political committees, however, are not required to comply with the Clean Campaign Act.

59. Additionally, mailers that endorse candidates are not subject to the Clean Campaign Act.

60. The State has no compelling or even important interest in enforcing the Clean Campaign Act's discrimination against disfavored speakers.

61. The Clean Campaign Act is not narrowly tailored to serve any compelling or even important state interest.

62. The Clean Campaign Act therefore violates the Equal Protection Clause of the Fourteenth Amendment on its face and as applied to Montana Citizens.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Montana Citizens For Right To Work respectfully requests the following relief from this Court:

a) A declaration that the Montana Clean Campaign Act (Mont. Code Ann. § 13-35-402) is unconstitutional on its face and as applied to Plaintiff Montana Citizens;

b) An injunction prohibiting the Commissioner from prosecuting Plaintiff Montana Citizens;

c) An award to Plaintiff Montana Citizens of costs of litigation, including attorneys' fees and expenses pursuant to 42 U.S.C. § 1988; and

d) Any other relief to which Plaintiff Montana Citizens may be entitled, or as this Court deems necessary and proper.

DATED: August 31, 2021					Respectfully submitted,

/s/ Matthew G. Monforton
Matthew G. Monforton

Matthew G. Monforton
Monforton Law Offices, PLLC
32 Kelly Court
Bozeman, Montana 59718
Telephone:  (406) 570-2949

Quentin M. Rhoades
Rhoades, Siefert & Erickson, PLLC
430 Ryman Street
Missoula, MT 59802
Telephone: (406) 721-9700

Attorneys for Plaintiff Montana Citizens
For Right To Work

## VERIFICATION BY RANDAL POPE

I, Randal Pope, declare as follows:

1. I am the Treasurer For Plaintiff Montana Citizens For Right To Work.

2. I have reviewed the attached Complaint and declare that the allegations contained therein are true, except in so far as they are stated to be on information, and that, so far as they are stated to be on information, I believe them to be true.

I declare under penalty of perjury under the laws of the United States of America that the statements contained in this Verification are true and correct.

Executed on AUG 31, 2021, in VAUGHN, Montana.

Randal Pope